Amrane Cohen, Chapter 13 Trustee
770 The City Drive South, Suite 3300
Orange, CA 92868
Phone (714) 621-0200
Fax   (714) 621-0277

# United States Bankruptcy Court
## Central District of California – Santa Ana Division

|  |  |
|---|---|
| RICHARD WILLIAM FLEESON<br><br>FABIOLA CECILIA COSTA-FLEESON | ) Chapter 13<br>)<br>) Case No: 8:09-bk-19069-TA<br>)<br>) **Objection to Confirmation of**<br>) **Chapter 13 Plan and Request for**<br>) **Dismissal**<br>)<br>) **Date:      12/22/2009**<br>) **Time:      1:30 PM**<br>) **Courtroom: 5B** |

Amrane Cohen, Chapter 13 Trustee ("Trustee"), hereby submits his Objection to Confirmation of Debtor's Proposed Chapter 13 Plan and Request for Dismissal as follows:

## FACTS

1. Richard William Fleeson and Fabiola Cecilia Costa-Fleeson ("Debtors") filed a chapter 13 case on or about 8/28/2009.

2. On November 17, 2009, Debtors filed an Amended Chapter 13 Statement of Current Monthly Income (Docket #30) a copy of which is attached as Exhibit 1.

3. On the same day, Debtors filed a Second Amended Chapter 13 Plan (Docket # 31) a copy of which is attached as Exhibit 2.

4. On line 26 of Form 22C, Debtors deduct $676.43 as Local Standards :Housing and Utilities; Adjustment. Debtors further identify the adjustment as HOA, Property Taxes.

1

5. The Second Amended Plan proposes to pay a 0% dividend to unsecured

creditors.

6. Exhibit 3 is a page extracted from the IRS which describes the items

accounted for by the Local Standards.

## SUMMARY OF ARGUMENT

Debtors are not allowed to deduct a non-mortgage housing allowance on line 25A and then the actual amount of their taxes and HOA expenses.  BAPCPA provides specific amounts for the housing and transportation allowance which are specified.  Courts have ruled that debtors can deduct the allowed expense even if their actual expenses are less, but debtors are limited to the allowed expense even if their actual expense is higher.

Debtors are required to provide at least $88.69 – less trustee fees on this amount – in dividends to the unsecured creditors to meet the requirements of §1325(b).

## DISCUSSION

### A.   Debtors' Burden of Proof

The burden of proof is on Debtors to show that they have satisfied all requirements for confirmation under 11 U.S.C. §1325.  In re Padilla, 213 B.R. 349, 352 (9th Cir. BAP 1997);  In re Huerta, 137 B.R. 356, 365 (Bankr. C.D. Cal. 1992) citing In re Wolff, 22 B.R. 510, 512 (9th Cir. BAP 1982) ("It is well established that the burden of proof rests on the party who asserts the affirmative of an issue.  A plaintiff has the burden of making out his case in order to warrant relief.  Similarly, the proponent of a Chapter 13 plan has the burden of proof as to its confirmation.").

2

Debtors have not provided any legal argument that they are entitled to the deduction taken in their amended Form 22C. They simply assert that they are entitled to the allowance. Debtors have the burden to prove that 9th Circuit law allows them to take a deduction greater than the local housing allowance for their housing costs. They provide neither the legal argument that they are entitled to the allowance nor even the computation to show that their actual expenses equal the deductions they have taken for this category on lines 25A, 26, and 47a.

B. THE IRM STANDARDS ALREADY INCLUDE ALLOWANCES FOR TAXES AND HOA FEES THAT ARE TAKEN BY DEBTORS ON LINE 25A.

The Local Standards already account for taxes and HOA fees for the median household in Orange County. The IRM describes the expenses making up the Local Housing Standard as follows (emphasis added):

> Housing and Utilities. Housing expenses include: mortgage (including interest) or rent, property taxes, necessary maintenance and repair, homeowner's or renter's insurance, homeowner dues and condominium fees. The utilities include gas, electricity, water, heating oil, bottled gas, trash and garbage collection, wood and other fuels, septic cleaning, telephone and cell phone. Usually, these expenses are considered necessary only for the primary place of residence. Any other housing expenses should be allowed only if, based on a taxpayer's individual facts and circumstances, disallowance will cause the taxpayer economic hardship.

Debtors are actually asking the Court to excuse them from the application of §707(b) to the determination of their disposable income without advancing any argument to support their position.

C. CASE LAW ON LOCAL STANDARDS: HOUSING AND TRANSPORTATION.

3

1    The overwhelming majority of cases in this area concern

2  deductions for transportation expenses rather than housing.  For

3  now the argument in settled in the 9th Circuit with the

4  publication of the Ransom decision (in re Ransom, 577 F.3d 1026)

5  which decided that debtors are NOT entitled to a deduction for phantom car

6  ownership expense.

7    The cases addressing the housing expenses specifically are few.  In re

8  O'Connor, 2008 WL 4516374 (Bankr. D. Mont. September 30, 2008)holds that

9  debtors are not entitled to deductions for taxes and insurance not included

10 in the mortgage payment.

11   In re Osei, 389 B.R. 339, 346-52 (Bankr. S.D.N.Y. 2008) allows debtors

12 to take the full amount of the local housing standard even if their actual

13 expenses are lower.  This holding which favors debtors whose expenses are

14 lower than the standard will also compel debtors whose expenses are higher

15 than the standard to be limited to the standard.

16

17                          **CONCLUSION**

18   The Debtors have deducted $676.43 without any legal support for such a

19 deduction.  The deduction should be disallowed and the case dismissed unless

20 Debtors propose to amend their plan to provide at least $88.69 per month to

21 unsecured creditors.

22 Date:  December 15, 2009            ___/S/_____

23                                     Amrane Cohen, Chapter 13 Trustee

24

25

26

4

**DECLARATION**

I, AMRANE COHEN, declare as follows:

1. I am the duly appointed chapter 13 trustee in this case, and I have
   personal knowledge of the files and records maintained by my office
   in the regular course of business.  I have personally reviewed the
   files and records kept by my office in this case.  The following
   facts are true and correct and within my own personal knowledge.

2. Richard William Fleeson and Fabiola Cecilia Costa-Fleeson
   ("Debtors") filed a chapter 13 case on or about 8/28/2009.

3. On November 17, 2009, Debtors filed an Amended Chapter 13 Statement
   of Current Monthly Income (Docket #30) a copy of which is attached
   as Exhibit 1.

4. On the same day, Debtors filed a Second Amended Chapter 13 Plan
   (Docket # 31) a copy of which is attached as Exhibit 2.

5. On line 26 of Form 22C, Debtors deduct $676.43 as Local Standards
   :Housing and Utilities; Adjustment.  Debtors further identify the
   adjustment as HOA, Property Taxes.

7. The Second Amended Plan proposes to pay a 0% dividend to unsecured
   creditors.

8. Exhibit 3 is a page extracted from the IRS which describes the items
   accounted for by the Local Standards.  I declare that this is a
   correct section pasted from the IRS to the clipboard and pasted into
   this document.

//

1        I declare under penalty of perjury of the laws of the United States of

2        America that the foregoing is true and correct.

3

4    Dated: December 15, 2009                    /S/ Amrane Cohen

5                                     Chapter 13 Trustee

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| Filer's Name: | Dina M. Simmons | Atty Name (if applicable): | Dina M. Simmons |
| | 38 Discovery | | |
| | Suite 100 | | |
| Street Address: | Irvine, CA 92618 | CA Bar No. (if applicable): | 207700 |
| Filer's Telephone No.: | (949) 748-1099 | Atty Fax No. (if applicable): | (949) 585-7161 |

| In re: | Case No. 8:09-bk-19069 |
|---|---|
| Richard William Fleeson<br>Fabiola Cecilia Costa-Fleeson | Chapter 13 |

## AMENDED SCHEDULE(S) AND/OR STATEMENT(S)

A filing fee of $26.00 is required to amend any or all of Schedules "D" through "F." An addendum mailing list is also required as an attachment if creditors are being added to the creditors list. Is/are creditor(s) being added?
☐ Yes          ☒ No

Indicate below which schedule(s) and/or statement(s) is(are) being amended.

☐A    ☐B    ☐C    ☐D    ☐E    ☐F    ☐G    ☐H    ☐I    ☐J
☐ Statement of Social Security Number(s)          ☐ Statement of Financial Affairs
☐ Statement of Intention          ☒ Other **Form B22C**

**NOTE:** IT IS THE RESPONSIBILITY OF THE DEBTOR TO MAIL COPIES OF ALL AMENDMENTS TO THE TRUSTEE AND TO NOTICE ALL CREDITORS LISTED IN THE AMENDED SCHEDULE(S) AND TO COMPLETE AND FILE WITH THE COURT THE PROOF OF SERVICE ATTACHED.

I/We, **Richard William Fleeson and Fabiola Cecilia Costa-Fleeson**, the person(s) who subscribed to the foregoing Amended Schedule(s) and/or Statement(s) do hereby declare under penalty of perjury that the foregoing is true and correct.

DATED: _11-10-09_

_Richard Fleeson_
**Richard William Fleeson**
*Debtor Signature*

_Fabiola Fleeson_
**Fabiola Cecilia Costa-Fleeson**
*Co-Debtor Signature*

**\*\*FOR COURT USE ONLY\*\***

**\*\*SEE PROOF OF SERVICE\*\***

B-1008 *Revised November 2003*

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

## PROOF OF SERVICE

I hereby certify that a copy of the Amendment(s) was(were) mailed to the Trustee and that notice was given to the additional creditors listed.

DATED: ___11·17·09_____

**Dina M. Simmons**
_____
Print or Type Name

_____
_Signature_

(SEE ATTACHED MAILING LIST.)

B-1008 _Revised November 2003_

**SERVICE LIST**
**Fleeson**
**8:09-bk-19069-TA**


Amrane Cohen
Chapter 13 Trustee
770 The City Dr. So., Suite #3300
Orange, CA 92868-6922

Hon. Theodor C. Albert
United States Bankruptcy Court
411 W. Fourth St., Suite 5085
Santa Ana, CA 92701-4593

United States Trustee (SA)
411 W. Fourth St., Suite 9041
Santa Ana, CA 92701-8000

Exhibit 1

B22C (Official Form 22C) (Chapter 13) (01/08)

<table>
<tr>
<td>In re</td>
<td><b>Richard William Fleeson<br>Fabiola Cecilia Costa-Fleeson</b><br><span style="text-align:center">Debtor(s)</span></td>
<td rowspan="2">According to the calculations required by this statement:<br>☐ <b>The applicable commitment period is 3 years.</b><br>■ <b>The applicable commitment period is 5 years.</b><br>■ <b>Disposable income is determined under § 1325(b)(3).</b><br>☐ <b>Disposable income is not determined under § 1325(b)(3).</b><br>(Check the boxes as directed in Lines 17 and 23 of this statement.)</td>
</tr>
<tr>
<td>Case Number:</td>
<td><b>8:09-bk-19069</b><br><span style="text-align:center">(If known)</span></td>
</tr>
</table>

# CHAPTER 13 STATEMENT OF CURRENT MONTHLY INCOME
# AND CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME

In addition to Schedules I and J, this statement must be completed by every individual chapter 13 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

| | Part I. REPORT OF INCOME | | |
|---|---|---|---|
| 1 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 2-10.**<br>b. ■ Married. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10.** | | |
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | **Column A**<br><br>Debtor's<br>Income | **Column B**<br><br>Spouse's<br>Income |
| 2 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $ 3,501.79 | $ 3,193.00 |
| 3 | **Income from the operation of a business, profession, or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part IV.**<br><br>a. Gross receipts — Debtor $ 0.00 / Spouse $ 0.00<br>b. Ordinary and necessary business expenses — Debtor $ 0.00 / Spouse $ 0.00<br>c. Business income — Subtract Line b from Line a | $ 0.00 | $ 0.00 |
| 4 | **Rents and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part IV.**<br><br>a. Gross receipts — Debtor $ 0.00 / Spouse $ 0.00<br>b. Ordinary and necessary operating expenses — Debtor $ 0.00 / Spouse $ 0.00<br>c. Rent and other real property income — Subtract Line b from Line a | $ 0.00 | $ 0.00 |
| 5 | **Interest, dividends, and royalties.** | $ 0.00 | $ 0.00 |
| 6 | **Pension and retirement income.** | $ 0.00 | $ 0.00 |
| 7 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by the debtor's spouse. | $ 974.60 | $ 0.00 |
| 8 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act — Debtor $ 0.00 / Spouse $ 0.00 | $ 0.00 | $ 0.00 |

B22C (Official Form 22C) (Chapter 13) (01/08)                                                                                      2

| 9 | Income from all other sources. Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9. **Do not include alimony or separate maintenance payments paid by your spouse, but include all other payments of alimony or separate maintenance. Do not include** any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | | | |
|---|---|---|---|---|---|
| | | Debtor | Spouse | | |
| | a. | $ | $ | | |
| | b. | $ | $ | $         0.00 | $         0.00 |
| 10 | **Subtotal.** Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B. Enter the total(s). | | | $     4,476.39 | $     3,193.00 |
| 11 | **Total.** If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 10, Column A. | | | $ | 7,669.39 |

## Part II. CALCULATION OF § 1325(b)(4) COMMITMENT PERIOD

| 12 | Enter the amount from Line 11 | $     7,669.39 |
|---|---|---|
| 13 | **Marital Adjustment.** If you are married, but are not filing jointly with your spouse, AND if you contend that calculation of the commitment period under § 1325(b)(4) does not require inclusion of the income of your spouse, enter on Line 13 the amount of the income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of you or your dependents and specify, in the lines below, the basis for excluding this income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero.<br><br>a. $ <br>b. $ <br>c. $ <br><br>Total and enter on Line 13 | $     0.00 |
| 14 | **Subtract Line 13 from Line 12 and enter the result.** | $     7,669.39 |
| 15 | **Annualized current monthly income for § 1325(b)(4).** Multiply the amount from Line 14 by the number 12 and enter the result. | $   92,032.68 |
| 16 | **Applicable median family income.** Enter the median family income for applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)<br>a. Enter debtor's state of residence:   CA   b. Enter debtor's household size:   3 | $   70,684.00 |
| 17 | **Application of § 1325(b)(4).** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 15 is less than the amount on Line 16.** Check the box for "The applicable commitment period is 3 years" at the top of page 1 of this statement and continue with this statement.<br><br>■ **The amount on Line 15 is not less than the amount on Line 16.** Check the box for "The applicable commitment period is 5 years" at the top of page 1 of this statement and continue with this statement. | |

## Part III. APPLICATION OF § 1325(b)(3) FOR DETERMINING DISPOSABLE INCOME

| 18 | Enter the amount from Line 11. | $     7,669.39 |
|---|---|---|
| 19 | **Marital Adjustment.** If you are married, but are not filing jointly with your spouse, enter on Line 19 the total of any income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income(such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero.<br><br>a. $ <br>b. $ <br>c. $ <br><br>Total and enter on Line 19. | $     0.00 |
| 20 | **Current monthly income for § 1325(b)(3).** Subtract Line 19 from Line 18 and enter the result. | $     7,669.39 |

B22C (Official Form 22C) (Chapter 13) (01/08)                                                                                              3

| 21 | **Annualized current monthly income for § 1325(b)(3).** Multiply the amount from Line 20 by the number 12 and enter the result. | $ | 92,032.68 |
|---|---|---|---|
| 22 | **Applicable median family income.** Enter the amount from Line 16. | $ | 70,684.00 |
| 23 | **Application of § 1325(b)(3).** Check the applicable box and proceed as directed.<br><br>■ **The amount on Line 21 is more than the amount on Line 22.** Check the box for "Disposable income is determined under § 1325(b)(3)" at the top of page 1 of this statement and complete the remaining parts of this statement.<br><br>☐ **The amount on Line 21 is not more than the amount on Line 22.** Check the box for "Disposable income is not determined under § 1325(b)(3)" at the top of page 1 of this statement and complete Part VII of this statement. **Do not complete Parts IV, V, or VI.** | | |

## Part IV. CALCULATION OF DEDUCTIONS FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 24A | **National Standards: food, apparel and services, housekeeping supplies, personal care, and miscellaneous.** Enter in Line 24A the "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ | 1,152.00 |
|---|---|---|---|

| 24B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the number of members of your household who are under 65 years of age, and enter in Line b2 the number of members of your household who are 65 years of age or older. (The total number of household members must be the same as the number stated in Line 16b.) Multiply Line a1 by Line b1 to obtain a total amount for household members under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for household members 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 24B. | | |
|---|---|---|---|

| Household members under 65 years of age | | Household members 65 years of age or older | | | |
|---|---|---|---|---|---|
| a1. | Allowance per member | 60 | a2. | Allowance per member | 144 |
| b1. | Number of members | 3 | b2. | Number of members | 0 |
| c1. | Subtotal | 180.00 | c2. | Subtotal | 0.00 |

(Line 24B total: $ 180.00)

| 25A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ | 598.00 |
|---|---|---|---|

| 25B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and household size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 47; subtract Line b from Line a and enter the result in Line 25B. **Do not enter an amount less than zero.** | | |
|---|---|---|---|

| a. | IRS Housing and Utilities Standards; mortgage/rent Expense | $ | 1,848.00 | |
|---|---|---|---|---|
| b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 47 | $ | 2,561.77 | |
| c. | Net mortgage/rental expense | Subtract Line b from Line a. | | $ 0.00 |

| 26 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 25A and 25B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below:<br><br>HOA; Property Taxes | $ | 676.43 |
|---|---|---|---|

| | | | |
|---|---|---|---|
| 27A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 7. ☐ 0   ☐ 1   ■ 2 or more.<br><br>If you checked 0, enter on Line 27A the "Public Transportation" amount from IRS Local Standards: Transportation.  If you checked 1 or 2 or more, enter on Line 27A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ | 722.00 |
| 27B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 27B the "Public Transportation" amount from the IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ | 0.00 |
| 28 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) ■ 1   ☐ 2 or more.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 47; subtract Line b from Line a and enter the result in Line 28. **Do not enter an amount less than zero.**<br><br>| a. | IRS Transportation Standards, Ownership Costs | $ 489.00 |<br>| b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 47 | $ 355.77 |<br>| c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. | | $ | 133.23 |
| 29 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 28.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 47; subtract Line b from Line a and enter the result in Line 29. **Do not enter an amount less than zero.**<br><br>| a. | IRS Transportation Standards, Ownership Costs | $ 0.00 |<br>| b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 47 | $ 0.00 |<br>| c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. | | $ | 0.00 |
| 30 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state, and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ | 665.51 |
| 31 | **Other Necessary Expenses: mandatory deductions for employment.** Enter the total average monthly payroll deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ | 0.00 |
| 32 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ | 3.83 |
| 33 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in line 49.** | $ | 0.00 |
| 34 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ | 0.00 |
| 35 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ | 400.00 |

| 36 | **Other Necessary Expenses: health care.** Enter the average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 24B. **Do not include payments for health insurance or health savings accounts listed in Line 39.** | $ | 0.00 |
|---|---|---|---|
| 37 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service - such as pagers, call waiting, caller id, special long distance, or internet service-to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ | 50.00 |
| 38 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 24 through 37. | $ | 4,581.00 |

## Subpart B: Additional Living Expense Deductions
### Note: Do not include any expenses that you have listed in Lines 24-37

| 39 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents.. | | | |
|---|---|---|---|---|
| | a. | Health Insurance | $ | 181.74 |
| | b. | Disability Insurance | $ | 41.80 |
| | c. | Health Savings Account | $ | 0.00 |
| | Total and enter on Line 39 | | | $ 223.54 |
| | **If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below: $ _____ | | | |

| 40 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. **Do not include payments listed in Line 34.** | $ | 0.00 |
|---|---|---|---|
| 41 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incur to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ | 0.00 |
| 42 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ | 0.00 |
| 43 | **Education expenses for dependent children under 18.** Enter the total average monthly expenses that you actually incur, not to exceed $137.50 per child, for education at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ | 0.00 |
| 44 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ | 42.00 |
| 45 | **Charitable contributions.** Enter the amount reasonably necessary for you to expend each month on charitable contributions in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). **Do not include any amount in excess of 15% of your gross monthly income.** | $ | 0.00 |
| 46 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 39 through 45. | $ | 265.54 |

| | | **Subpart C: Deductions for Debt Payment** | | | |
|---|---|---|---|---|---|

**47** — **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 47.

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance |
|---|---|---|---|---|
| a. | BAC Home Loans Servicing LLP | SFR: 5 La Cascada, Rancho Santa Margari CA 92688ll 1600 Sq.Ft.,Single Family Home, 3 Bedrooms, 2.5 Bathrooms, with 2 Car Attached Garage  Market value based on recent appraisal | $ 2,561.77 | ☐yes ■no |
| b. | Kinecta Federal Credit Union | 2007 Toyota Camry XLE( 44,747 Miles) Value based on fair kbb | $ 355.77 | ☐yes ■no |
| | | Total: Add Lines | | $ 2,917.54 |

**48** — **Other payments on secured claims.** If any of debts listed in Line 47 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 47, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page.

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | BAC Home Loans Servicing LLP | SFR: 5 La Cascada, Rancho Santa Margari CA 92688ll 1600 Sq.Ft.,Single Family Home, 3 Bedrooms, 2.5 Bathrooms, with 2 Car Attached Garage  Market value based on recent appraisal | $ 250.00 |
| | | Total: Add Lines | $ 250.00 |

**49** — **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 33.** — $ 0.00

**50** — **Chapter 13 administrative expenses.** Multiply the amount in Line a by the amount in Line b, and enter the resulting administrative expense.

| a. | Projected average monthly Chapter 13 plan payment. | $ 250.00 | |
|---|---|---|---|
| b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x 11.00 | |
| c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b | $ 27.50 |

**51** | **Total Deductions for Debt Payment.** Enter the total of Lines 47 through 50. | $ 3,195.04 |

| | **Subpart D: Total Deductions from Income** | |
|---|---|---|

**52** | **Total of all deductions from income.** Enter the total of Lines 38, 46, and 51. | $ 8,041.58 |

| | **Part V. DETERMINATION OF DISPOSABLE INCOME UNDER § 1325(b)(2)** | |
|---|---|---|

**53** | **Total current monthly income.** Enter the amount from Line 20. | $ 7,669.39 |

B22C (Official Form 22C) (Chapter 13) (01/08)                                                                    7

| 54 | Support income. Enter the monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I, that you received in accordance with applicable nonbankruptcy law, to the extent reasonably necessary to be expended for such child. | $ | 0.00 |
|---|---|---|---|
| 55 | Qualified retirement deductions. Enter the monthly total of (a) all amounts withheld by your employer from wages as contributions for qualified retirement plans, as specified in § 541(b)(7) and (b) all required repayments of loans from retirement plans, as specified in § 362(b)(19). | $ | 215.55 |
| 56 | Total of all deductions allowed under § 707(b)(2). Enter the amount from Line 52. | $ | 8,041.58 |

| 57 | Deduction for special circumstances. If there are special circumstances that justify additional expenses for which there is no reasonable alternative, describe the special circumstances and the resulting expenses in lines a-c below. If necessary, list additional entries on a separate page. Total the expenses and enter the total in Line 57. **You must provide your case trustee with documentation of these expenses and you must provide a detailed explanation of the special circumstances that make such expense necessary and reasonable.** |
|---|---|

| | Nature of special circumstances | Amount of Expense |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| | | Total: Add Lines  $ 0.00 |

| 58 | Total adjustments to determine disposable income. Add the amounts on Lines 54, 55, 56, and 57 and enter the result. | $ | 8,257.13 |
|---|---|---|---|
| 59 | Monthly Disposable Income Under § 1325(b)(2). Subtract Line 58 from Line 53 and enter the result. | $ | -587.74 |

## Part VI. ADDITIONAL EXPENSE CLAIMS

| 60 | Other Expenses. List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. |
|---|---|

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| d. | | $ |
| | Total: Add Lines a, b, c and d | $ |

## Part VII. VERIFICATION

| 61 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this is a joint case, both debtors must sign.)* <br><br> Date: 11-16-09     Signature: /s/ Richard William Fleeson <br> Richard William Fleeson (Debtor) <br><br> Date: 11-16-09     Signature: /s/ Fabiola Cecilia Costa-Fleeson <br> Fabiola Cecilia Costa-Fleeson (Joint Debtor, if any) |
|---|---|

B22C (Official Form 22C) (Chapter 13) (01/08)                                                                                    8

## Current Monthly Income Details for the Debtor

**Debtor Income Details:**
Income for the Period **02/01/2009** to **07/31/2009**.

**Line 2 - Gross wages, salary, tips, bonuses, overtime, commissions**
Source of Income: **Consumer Portfolio Services**
Income by Month:

| | | |
|---|---|---|
| 6 Months Ago: | 02/2009 | $3,384.43 |
| 5 Months Ago: | 03/2009 | $3,481.81 |
| 4 Months Ago: | 04/2009 | $3,038.64 |
| 3 Months Ago: | 05/2009 | $2,920.20 |
| 2 Months Ago: | 06/2009 | $3,460.57 |
| Last Month: | 07/2009 | $4,725.11 |
| | Average per month: | $3,501.79 |

**Line 7 - Contributions to household expenses of the debtor or dependents**
Source of Income: **Household Contribution**
Income by Month:

| | | |
|---|---|---|
| 6 Months Ago: | 02/2009 | $1,385.40 |
| 5 Months Ago: | 03/2009 | $1,160.40 |
| 4 Months Ago: | 04/2009 | $1,349.39 |
| 3 Months Ago: | 05/2009 | $1,118.40 |
| 2 Months Ago: | 06/2009 | $700.00 |
| Last Month: | 07/2009 | $134.00 |
| | Average per month: | $974.60 |

B22C (Official Form 22C) (Chapter 13) (01/08)

## Current Monthly Income Details for the Debtor's Spouse

**Spouse Income Details**:
Income for the Period **02/01/2009** to **07/31/2009**.

**Line 2 - Gross wages, salary, tips, bonuses, overtime, commissions**
Source of Income: **Consumer Portfolio Services**
Income by Month:

| | | |
|---|---|---|
| 6 Months Ago: | 02/2009 | $2,947.38 |
| 5 Months Ago: | 03/2009 | $2,947.38 |
| 4 Months Ago: | 04/2009 | $2,947.38 |
| 3 Months Ago: | 05/2009 | $2,947.38 |
| 2 Months Ago: | 06/2009 | $2,947.38 |
| Last Month: | 07/2009 | $4,421.07 |
| | Average per month: | $3,193.00 |

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| Filer's Name: | Dina M. Simmons | Atty Name (if applicable): | Dina M. Simmons |
| | 38 Discovery | | |
| | Suite 100 | | |
| Street Address: | Irvine, CA 92618 | CA Bar No. (if applicable): | 207700 |
| Filer's Telephone No.: | (949) 748-1099 | Atty Fax No. (if applicable): | (949) 585-7161 |

| In re: | Case No. 8:09-bk-19069 |
|---|---|
| Richard William Fleeson<br>Fabiola Cecilia Costa-Fleeson | Chapter 13 |

## AMENDED SCHEDULE(S) AND/OR STATEMENT(S)

A filing fee of $26.00 is required to amend any or all of Schedules "D" through "F." An addendum mailing list is also required as an attachment if creditors are being added to the creditors list. Is/are creditor(s) being added?

☐ Yes    ☒ No

Indicate below which schedule(s) and/or statement(s) is(are) being amended.

☐ A    ☐ B    ☐ C    ☐ D    ☐ E    ☐ F    ☐ G    ☐ H    ☐ I    ☐ J

☐ Statement of Social Security Number(s)    ☐ Statement of Financial Affairs

☐ Statement of Intention    ☒ Other **Second Amended Chapter 13 Plan**

**NOTE:** IT IS THE RESPONSIBILITY OF THE DEBTOR TO MAIL COPIES OF ALL AMENDMENTS TO THE TRUSTEE AND TO NOTICE ALL CREDITORS LISTED IN THE AMENDED SCHEDULE(S) AND TO COMPLETE AND FILE WITH THE COURT THE PROOF OF SERVICE ATTACHED.

I/We, **Richard William Fleeson and Fabiola Cecilia Costa-Fleeson**, the person(s) who subscribed to the foregoing Amended Schedule(s) and/or Statement(s) do hereby declare under penalty of perjury that the foregoing is true and correct.

DATED: _11-16-09_

_Richard Fleeso_
Richard William Fleeson
*Debtor Signature*

_Fabiola Fleeson_
Fabiola Cecilia Costa-Fleeson
*Co-Debtor Signature*

**\*\*FOR COURT USE ONLY\*\***

**\*\*SEE PROOF OF SERVICE\*\***

B-1008 *Revised November 2003*

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037    Best Case Bankruptcy

## PROOF OF SERVICE

I hereby certify that a copy of the Amendment(s) was(were) mailed to the Trustee and that notice was given to the additional creditors listed.

DATED:   11·17-09

**Dina M. Simmons**
Print or Type Name

_Signature_

(SEE ATTACHED MAILING LIST.)

SERVICE LIST
Fleeson
**8:09-bk-19069-TA**

| | | |
|---|---|---|
| Richard William Fleeson<br>5 La Cascada<br>Rancho Santa Margarita,CA 92688-1628 | Fabiola Cecilia Costa-Fleeson<br>5 La Cascada<br>Rancho Santa Margarita,CA 92688-1628 | Dina M. Simmons<br>Financial Litigation Law Group<br>38 Discovery, Suite 100<br>Irvine, CA 92618-3125 |
| United States Trustee (SA)<br>411 W. Fourth St., Suite 9041<br>Santa Ana, CA 92701-8000 | BAC Home Loans Servicing LLP<br>PO Box 10219<br>Van Nuys, CA 91410-0219 | CMRE Financial Services, Inc.<br>3075 East Imperial Highway, Suite 200<br>Brea, CA 92821-6753 |
| Cal HFA<br>1121 L Street, Suite 103<br>Sacramento, CA 95814-3970 | Capital One Bank<br>C/O TSYS Debt Management<br>PO Box 5155<br>Norcross, GA 30091-5155 | Capital One Bank<br>PO Box 30285<br>Salt Lake City, UT 84130-0285 |
| Capital One Bank<br>PO Box 30286<br>Salt Lake City, UT 84130-0286 | Capital One Bank<br>PO Box 60599<br>City of Industry, CA 91716-0599 | Capital One Bank<br>PO Box 85520<br>Richmond, VA 23285-5520 |
| Chase<br>PO Box 94012<br>Palatine, IL 60094-4012 | Chase C.C.<br>201 North Walnut Street<br>Wilmington, DE 19888 | Chase / Best Buy<br>Attention: Bankruptcy Department<br>PO Box 15298<br>Wilmington, DE 19850-5298 |
| Citi Bank<br>PO Box 6000<br>The Lakes, NV 89163-0001 | Citi Cards<br>PO Box 6940<br>The Lakes, NV 88901-6940 | Citibank<br>Attn: Centralized Bankruptcy<br>PO Box 20507<br>Kansas City, MO 64195-0507 |
| Citifinancial<br>PO Box 22066<br>Tempe, AZ 85285-2066 | Citifinancial Retail Services<br>PO B ox 140489<br>Irving, TX 75014-0489 | Citifinancial Retail Services<br>PO Box 22060<br>Tempe, AZ 85285-2060 |
| Citifinancial Retail Services<br>PO Box 6933<br>The Lakes, NV 88901-6933 | Coast Radiology Imaging<br>27882 Forbes Road #120<br>Laguna Niguel, CA 92677-1267 | Comp USA<br>PO Box 60148<br>City of Industry, CA 91716-0148 |
| Countrywide Home Lending<br>450 American Street<br>Simi Valley, CA 93065-6285 | FCI Lender Services, Inc<br>8180 East Kaiser Boulevard<br>Anaheim Hills, CA 92808-2277 | GE Money Bank<br>PO Box 960061<br>Orlando, FL 32896-0061 |
| GE Money Bank / Howards<br>Attention: Bankruptcy<br>PO Box 103104<br>Roswell, GA 30076-9104 | GE Money Bank / JC Penny<br>Attn: Bankruptcy Department<br>PO Box 103106<br>Roswell, GA 30076-9104 | GE Money Bank / Lowes<br>Attn: Bankruptcy Department<br>PO Box 103106<br>Roswell, GA 30076-9104 |

Exhibit 2

| | | |
|---|---|---|
| GE Money Bank / Lowes<br>PO Box 103065<br>Roswell, GA 30076-9065 | GE Money Bank / J.C. Penny<br>Attn: Bankruptcy Department<br>PO Box 103106<br>Roswell, GA 30076-9065 | GE Money Bank / J.C. Penny<br>PO Box 981400<br>El Paso, TX 79998-1400 |
| GE Money Bank / J.C. Penny<br>PO Box 984100<br>El Paso, TX 79998-1400 | GE Money Bank / Howards<br>PO Box 781439<br>El Paso, TX 79998 | HSBC / Comp<br>PO Box 15524<br>Wilmington, DE 19850-5524 |
| HSBC / Comp<br>Attention: Bankruptcy<br>PO Box 15522<br>Wilmington, DE 19850-5522 | JC Penny<br>PO Box 981131<br>El Paso, TX 79998-1131 | JC Penny<br>PO Box 981131<br>El Paso, TX 79998-1131 |
| Kinecta Federal Credit Union<br>1440 Rosecrans Avenue<br>Manhattan Beach, CA 90266-3702 | Lowe's<br>PO Box 530914<br>Atlanta, GA 30353-0914 | SAMSLARC<br>c/o MERIT Property<br>Management, Inc.<br>1 Polaris Way, Suite 100<br>Aliso Viejo, CA 92656-5360 |
| US Floor Covering, RSM<br>30485 Avenida Delas Flores C<br>Rancho Santa Margarita, CA<br>92688 | Wells Fargo Bank<br>PO Box 30086<br>Los Angeles, CA 90030-0086 | Wells Fargo Bank<br>PO Box 5058<br>Portland, OR 97208-5058 |
| Wells Fargo Bank<br>PO Box 5445<br>Portland, OR 97228-5445 | Wells Fargo Bank<br>PO Box 94498<br>Las Vegas, NV 89193-4498 | Wells Fargo Card Services<br>PO Box 10347<br>Des Moines, IA 50306-0347 |
| Wells Fargo Financial<br>National<br>PO Box 98796<br>Las Vegas, NV 89193-8796 | Wells Fargo Financial<br>National Bank<br>800 Walnut Street, F4030-04C<br>Des Moines, IA 50309-3891 | Wells Fargo National Bank<br>11869 Valley View Street<br>Garden Grove, CA 92845-1236 |
| Western National Property<br>Management<br>PO Box 18680<br>Irvine, CA 92623-8680 | Westgate Resorts<br>2801 Old Winter Garden Road<br>Ocoee, FL 34761-2965 | Amrane Cohen<br>770 The City Dr. So., Suite<br>#3300<br>Orange, CA 92868-6922 |
| Neighborhod Housing<br>Services of America<br>1970 Broadway, Fourth Floor<br>Oakland, CA 94612 | NHS of Orange County, Inc.<br>198 West Lincoln Avenue,<br>Second Floor<br>Anaheim, CA 92805 | CMRE Financial Services,<br>Inc.<br>3075 East Imperial Highway<br>Suite 200<br>Brea, CA 92821 |
| Orange County Tax Collector<br>PO Box 1438<br>Santa Ana, CA 92702 | | |

Exhibit 2

| Name | Dina M. Simmons |
|---|---|
| Address | Financial Litigation Law Group |
| | 38 Discovery |
| | Suite 100 |
| | Irvine, CA 92618 |
| Telephone | (949) 748-1099    (FAX)    (949) 585-7161 |

☒ Attorney for Debtor
State Bar No. 207700

☐ Debtor(s) in Pro Se    (Any reference to the singular shall include the plural in the case of joint debtors.)

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| List all names (including trade names) used by the debtor within the last 8 years: | Chapter 13 Case No. 8-09-bk-19069-TA |
|---|---|
| **Richard William Fleeson** | **SECOND AMENDED CHAPTER 13 PLAN** |
| **Fabiola Cecilia Costa-Fleeson**<br>   **AKA Fabilla Cecilia Costa de Fleeson** | **CREDITORS MEETING:**<br>**Date:**<br>**Time:**<br>**Place:**<br>**CONFIRMATION HEARING:**<br>**Date:**<br>**Time:**<br>**Place:** |

## NOTICE

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. § 1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the Chapter 13 Trustee not less than 8 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C.§1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised November 2006*                                                                                          **F3015-1.1**
Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037                                          Best Case Bankruptcy

000024                                    Exhibit 2

HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN. If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT. A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

The Debtor proposes the following Plan and makes the following declarations:

I.    **PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE:**

The Debtor submits the following to the supervision and control of the Chapter 13 Trustee:

A.    Payments by Debtor of **$277.50 for 60 months**.  This monthly Plan Payment will begin within 30 days of the date the petition was filed.

B.    The base plan amount is $16,650.00    which is estimated to pay  0 % of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the Chapter 13 Trustee may increase the percentage to be paid to creditors accordingly.

C.    Amounts necessary for the payment of post-petition claims allowed under 11 U.S.C. § 1305.

D.    Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| -NONE- | | | |

Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The Chapter 13 Trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate  protection payments or preconfirmation lease payments.

E.    Other property:  (specify property or indicate none)
       **NONE**

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

2006 USBC, Central District of California

## II.    ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:

Except as otherwise provided in the plan or by court order, the Chapter 13 Trustee shall disburse all available funds for the payment of claims as follows:

A.    ORDER OF PAYMENTS:

    1.    If there are Domestic Support Obligations, the order of priority shall be:

        (a)    Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date;

        (b)    Administrative expenses (Class 1(a)) in an amount not exceeding ____% of each Plan Payment until paid in full;

    2.    If there are no Domestic Support Obligations, the order of priority shall be the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses (Class 1(a)) in an amount not exceeding _11_% of each Plan Payment until paid in full.

    3.    Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the Chapter 13 Trustee from the Plan Payment; such secured debt may be paid by the Chapter 13 Trustee commencing with the inception of Plan Payments.

    4.    Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

    5.    No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised November 2006*
Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037

**F3015-1.1**
Best Case Bankruptcy

Exhibit 2

2006 USBC, Central District of California

B.    CLASSIFICATION AND TREATMENT OF CLAIMS:

| CLASS 1 | | | | | |
|---|---|---|---|---|---|
| **ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507** | | | | | |
| The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4). | | | | | |
| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| **a.    Administrative Expenses** | | | | | |
| (1)    Chapter 13 Trustee's Fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | | | |
| (2)    Attorney's Fees | | | | | |
| (3)    Chapter 7 Trustee's Fees | | | | | |
| (4)    Other | | | | | |
| **b.    Other Priority Claims** | | | | | |
| (1)    Internal Revenue Service | | | | | |
| (2)    Franchise Tax Board | | | | | |
| (3)    Domestic Support Obligation | | | | | |
| (4)    Other | | | | | |
| **c.    Domestic Support Obligations that are not to be paid in full in the Plan (Specify Creditor Name):** | | | | | |
| | | | | | |

Revised November 2006
Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037

F3015-1.1
Best Case Bankruptcy

Exhibit 2

Chapter 13 Plan  (Rev. 11/06) - Page 5                                              2006 USBC, Central District of California

## CLASS 2

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES <u>AFTER</u> THE FINAL PLAN PAYMENT IS DUE

1. ☐    The post-confirmation monthly mortgage payment will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ☒    The post-confirmation monthly mortgage payment will be made by the Debtor directly to:

BAC Home Loans Servicing LLP                                                        6174
(name of creditor)                                            (last 4 digits of account number)


(name of creditor)                                            (last 4 digits of account number)

**The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.**

| Name of Creditor | Last Four Digits of Account Number | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| BAC Home Loans Servicing | 6174 | $15,000.00 | 0 | $250.00 | 60 | $15,000.00 |
| | | | | | | |

## CLASS 3

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL DURING THE TERM OF THE PLAN

| Name of Creditor | Last Four Digits of Account No. | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | Equal Monthly Payment | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|---|
| . | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Chapter 13 Plan  (Rev. 11/06) - Page 6                                                      2006 USBC, Central District of California

## CLASS 4

### OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE

1. ☐    The post-confirmation monthly payment pursuant to the promissory note will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ☒    The post-confirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

Kinecta Federal Credit Union                                                      4319
(name of creditor)                                              (last 4 digits of account number)


(name of creditor)                                              (last 4 digits of account number)

**The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.**

| Name of Creditor | Last Four Digits of Account Number | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| | | | | | | |
| | | | | | | |

## CLASS 5

### NON-PRIORITY UNSECURED CLAIMS

Debtor estimates that non-priority unsecured claims total the sum of  $121,278.96 .
Class 5 claims will be paid as follows:

(Check one box only.)

☒    Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.

OR

☐    Class 5 claims will be divided into subclasses as shown ~~on the attached exhibit~~ *directly below* (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

## III.    COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $ 0.00  which is estimated to pay  0 % of the scheduled nonpriority unsecured debt.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised November 2006*                                                                          **F3015-1.1**
Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

Chapter 13 Plan  (Rev. 11/06) - Page 7                                                    2006 USBC, Central District of California

## IV.  PLAN ANALYSIS

| | |
|---|---:|
| CLASS 1a | $0.00 |
| CLASS 1b | $0.00 |
| CLASS 1c | $0.00 |
| CLASS 2 | $15,000.00 |
| CLASS 3 | $0.00 |
| CLASS 4 | $0.00 |
| CLASS 5 | $0.00 |
| SUB-TOTAL | $15,000.00 |
| CHAPTER 13 TRUSTEE'S FEE (Estimated  11% unless advised otherwise) | $1,650.00 |
| TOTAL PAYMENT | $16,650.00 |

## V.  OTHER PROVISIONS

A.  The Debtor rejects the following executory contracts and unexpired leases.

   **Name of Other Party:**                    **Description of contract/lease:**

B.  The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):

   **Name of Other Party:**                    **Description of contract/lease:**

C.  In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:

   **Creditor Name:**                          **Monthly Payment:**
                                               **$3,727.32 every**
   Orange County Tax Collector                 **6 months**

D.  The Debtor hereby surrenders the following personal or real property. (Identify property and creditor to which it is surrendered.)

   **Creditor Name:**                          **Description:**
   Westgate Resorts                            Time Share

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised November 2006*                                                                   **F3015-1.1**
Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

                                               000030                                     Exhibit 2

E.  The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

F.  Miscellaneous provisions: (Use Attachment, if necessary)

**Neighborhood Housing Services of America: The Second Mortgage with Neighborhood Housing Services of America serviced by FCI Lender Services, Inc. on Debtor's residence is deemed to be a wholly unsecured claim as set forth in** *In re Zimmer, 313 F.3d 1220 (9th cir. 2002).* **Debtors intend to avoid lien the pursuant to Section 1322 and 506.**

**CAL HFA: The Third Mortgage with CAL HFA on Debtor's residence is deemed to be a wholly unsecured claim as set forth in** *In re Zimmer, 313 F.3d 1220 (9th cir. 2002).* **Debtors intend to avoid lien the pursuant to Section 1322 and 506.**

G.  The Chapter 13 Trustee is authorized to disburse funds after the date confirmation is announced in open court.

H.  The Debtor will pay timely all post-confirmation tax liabilities directly to the appropriate taxing authorities as they come due.

I.  The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

## VI.  REVESTING OF PROPERTY

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the Chapter 13 Trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the Local Bankruptcy Rules. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

Dated: _11-10-09_

/s/ Dina M. Simmons
Dina M. Simmons
207700
Attorney for Debtor(s)

/s/ Richard William Fleeson
Richard William Fleeson
Debtor

/s/ Fabiola Cecilia Costa-fleeson
Fabiola Cecilia Costa-Fleeson
Joint Debtor

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised November 2006*
Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037

**F3015-1.1**
Best Case Bankruptcy

000031                    Exhibit 2

3.  A taxpayer who claims more than the total allowed by the national standards must provide documentation to substantiate and justify as necessary those expenses that exceed the total national standard amount.

    **Example:**

    *National Standard Expense amount is $1,100. The taxpayer's actual expenditures are: housekeeping supplies - $100, clothing - $100, food - $700, personal care products - $100, and miscellaneous - $200 (Total Expenses - $1,200). The taxpayer is allowed the national standard amount of $1,100, unless the higher amount is justified as necessary. In this example the taxpayer has claimed a higher food expense than allowed. Justification would be based on prescribed or required dietary needs. The taxpayer must substantiate and verify only the food expense. The taxpayer is not required to verify expenses for all five categories if a higher expense is claimed for one category. The standard amounts will be allowed for the remaining categories.*

4.  All deviations from the national standard expenses for food, clothing and other items must be verified, reasonable and documented in the case history.

5.  National Standards: Out of Pocket Health Care Expenses – These include medical services, prescription drugs, and medical supplies (e.g., eyeglasses, contact lenses). Elective procedures such as plastic surgery or elective dental work are generally not allowed.

6.  The out-of-pocket health care standard amount is allowed in addition to the amount taxpayers pay for health insurance.

7.  Taxpayers and their dependents are allowed the standard amount monthly on a per person basis, without questioning the amounts they actually spend. Taxpayer verification of out-of-pocket expenses is not required unless the amount claimed exceeds the standard.

8.  Taxpayers who claim more than the total allowed by the out-of-pocket health care standard, may be allowed more than the standard if they provide documentation to substantiate and justify the additional expenses. This situation may be encountered in situations involving taxpayers with no health insurance.

9.  All deviations from the national standards for out-of-pocket health care expenses must be verified, reasonable and documented in the case history.

## 5.15.1.9  (10-02-2009)
## Local Standards

1.  Local standards include the following expenses:

    A.  Housing and Utilities. Housing expenses include: mortgage (including interest) or rent, property taxes, necessary maintenance and repair, homeowner's or renter's insurance, homeowner dues and condominium fees. The utilities include gas, electricity, water, heating oil, bottled gas, trash and garbage collection, wood and other fuels, septic cleaning, telephone and cell phone. Usually, these expenses are considered necessary only for the primary place of residence. Any other housing expenses should be allowed only if, based on a taxpayer's individual facts and circumstances, disallowance will cause the taxpayer economic hardship.

        •  Generally the total number of persons allowed for determining family size should be the same as those allowed as exemptions on the taxpayer's most recent year tax return. There may be reasonable exceptions, such as foster children or children for whom adoption is pending.

        •  An allowance for cell phone expenses has been included in the Housing and Utility standards. If a taxpayer

Exhibit 3

In re: RICHARD WILLIAM FLEESON
Case 8:09-bk-19069-TA  Doc 35  Filed 12/16/09  Entered 12/16/09 12:58:36  Desc
FABIOLA CECILIA COSTA-FLEESON
Main Document  Page 33 of 33
DEBTOR(S)
CHAPTER 13

CASE NUMBER 8:09-bk-19069-TA

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

770 The City Drive South, Suite 3300, Orange, CA 92868

A true and correct copy of the foregoing document described **Objection to Confirmation of Chapter 13 Plan and Request for Dismissal** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On __12/16/09__ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

RICHARD WILLIAM FLEESON
FABIOLA CECILIA COSTA-FLEESON
5 LA CASCADA
RANCHO SANTA MARGARI, CA 92688

FINANCIAL LITIGATION LAW GROUP
38 DISCOVERY, STE 100
IRVINE, CA 92618

☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on__12/16/09__ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.
_The Hon. Judge Albert

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 12/16/09  Juan Santillan | /S/ |
|---|---|
| Date          Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009  F 9013-3.1